UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| RONNIE D. SPANN, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0:18-010-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS SMITH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Ronnie D. Spann, Jr., is a prisoner at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Spann has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. For the reasons set forth below, the Court will deny Spann's petition.

In 2015, Spann pled guilty to receiving or distributing child pornography, and the trial court sentenced him to 68 months in prison. *See United States v. Spann*, No. 3:14-cr-397 (N.D. Ohio 2015). The trial court also ordered Spann to pay $500.00 in restitution and indicated that this amount was due during his term of imprisonment. *See id.* at D. E. No. 35 at 5-6. The trial court then entered another order regarding Spann's restitution, but that order was filed under seal and, thus, it is not available to this Court. *See id.* at D. E. No. 36. That said, the trial court later noted that it had "set a payment schedule for [Spann] to make restitution payments through the

1

Federal Bureau of Prisons Inmate Financial Responsibility Program ('IFRP')." *Id.* at D. E. No. 43 at 1. Spann then began serving his prison term, and he was making regular quarterly restitution payments through the IFRP. [D. E. No. 1 at 4-5].

Spann eventually objected to his participation in the IFRP. Spann therefore pursued administrative remedies with the Bureau of Prisons (BOP), but his efforts were unsuccessful. Spann then filed his § 2241 petition with this Court. Although Spann's submission is difficult to follow, he appears to be making two arguments. [D. E. No. 1 at 5; No. 1-1 at 3-6]. First, Spann suggests that the trial court violated the Mandatory Victims Restitution Act (MVRA) by improperly delegating to the BOP its responsibility to set a restitution payment schedule. Second, Spann claims that the BOP coerced him into participating in the IFRP by threatening him with sanctions if he did not.

Spann's arguments are unavailing. While Spann characterizes his first argument as one regarding the BOP's "execution" of his sentence [D. E. No. 1 at 1], he is attacking the *validity* of his sentence when he suggests that the trial court improperly delegated to the BOP its duty to set a restitution payment schedule. Although Spann may assert this claim on direct appeal or in a motion to vacate his sentence under 28 U.S.C. § 2255, he cannot pursue it in his § 2241 petition. *See, e.g., Gardner v. Bledsoe,* 415 F. App'x 384, 385-86 (3d Cir. 2011) (petitioner's claim that "the sentencing court impermissibly delegated to the BOP its judicial authority under

2

the MVRA" was not cognizable in a § 2241 petition); *Austin v. United States*, 368 F. App'x 53, 54 (11th Cir. 2010) (claim that the trial court improperly delegated power to the BOP to set a restitution schedule cannot be brought in a § 2241 petition).

Finally, there is no merit to Spann's argument that the BOP forced him to participate in the IFRP by informing him of the consequences of refusing to participate. This Court and others within this circuit have repeatedly considered and rejected this same argument. *See, e.g., Brown v. Snyder-Norris*, No. 15-cv-071-HRW, 2016 WL 1703335, *2 (E.D. Ky. 2016) ("Nor is there any merit to [petitioner's] assertion that the BOP 'coerced' him into signing an IFRP agreement by threatening to withhold certain privileges if he did not."); *Sturgeon v. Terris*, No. 13-cv-12512, 2014 WL 3778206, *4 (E.D. Mich. 2014) (rejecting a similar argument); *Rashaad v. Lappin*, No. 07-cv-408-KKC, 2008 WL 45403, *2-*3 (E.D. Ky. 2008) (the same). Spann's claim likewise fails for the same reasons set forth in those opinions.

Accordingly, it is hereby **ORDERED** as follows:

1. Spann's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. Any and all pending motions are **DENIED AS MOOT**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This 6th day of February, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

3